100 A.3d 585

**COMMONWEALTH of Pennsylvania, Appellee**

v.

**Kevin MARINELLI, Appellant.**

Supreme Court of Pennsylvania.

Sept. 24, 2014.

Billy Horatio Nolas, Esq., Federal Community Defender Office, Eastern District of PA, for Kevin Marinelli.

James Patrick Barker, Esq., Amy Zapp, Esq., PA Office of the Attorney General, for Commonwealth of Pennsylvania.

## *ORDER*

PER CURIAM.

**AND NOW,** this 24th day of September, 2014, the Order of the Court of Common Pleas of Northumberland County, dismissing appellant's third petition for relief (under the Post Conviction Relief Act ("PCRA")), 42 Pa.C.S. §§ 9541–9546, premised upon a lack of jurisdiction, is hereby AFFIRMED.

A petitioner filing a PCRA petition more than one-year after the judgment of sentence has become final, as here, must allege and prove that he or she meets one of three exceptions to the jurisdictional time requirement, as set forth under 42 Pa.C.S. § 9545(b)(1). In this case, appellant asserts that he established jurisdiction under both of the following exceptions:

(i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States; [and]

(ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence. . . .

*Id.* at § 9545(b)(i) and (b)(ii). Appellant's pleadings below did not establish the necessary jurisdiction pursuant to either of these subsections and, accordingly, this Court is without jurisdiction to entertain this third PCRA petition.